The President reported the opinion of the Court, that the decree be affirmed.
The following was JUDGE TUCKER’S opinion. After stating the circumstances,in substance as above, (in the course of which he observed that, “for the reasons apparent on the face of the answer, the judgment ought not to be enjoined,”) he proceeded thus: “Although I approve of the principles of this decree, I have not been able to discover the particular items in the account stated by the Commissioner which would amount to the precise sum, for which the Chancellor mentions that the plaintiff 449 had been improperly ^'credited. I have therefore had recourse to the circumstances above stated as a basis of my own opinion. If Todd, by his unfair conduct, in tearing off his own and Bowyer’s signatures from the agreement made between them on the 16th of May, 1799, (which was endorsed on the order of reference in the cause, and was evidently meant for the information and guide of the first set of commissioners appointed by that order,) had not brought himself within that rule of equity, ‘lie that doth iniquity shall not have equity,’ I should have thought it highly improper to disturb that settlement. But, he having, by that act, imposed upon Bow-yer the necessity of proving his accounts over again, I think the latter was fairljT entitled to the benefit of any error which might thereafter be discovered therein. Approving, therefore, of the last commissioner’s report, my opinion is, that the injunction be dissolved as to 551. 6s. 5d. 1-2, including the costs of the judgment of Botetourt County Court; that the Chancellor’s decree be reformed in that manner, as has been done on some other occasions ;(a) and that the appellant, as the party prevailing here, recover the costs •of his appeal here.

 See 1 Wash. 389, Pendleton v. Vandevier.